UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

SINCLAIR ROBINSON, Plaintiff

VS                                                          CASE NO

DAVID J. SMITH,                                     Judge P. White
United States Court of Appeals   Defendant(s)
Eleventh Circuit Clerk of Court              cat / div  550 / 19(3) MIA
                                                             Case # _____
MELANIE GADDIS                              Judge _____   Mag Reid
Deputy Clerk                                        Motn Ifp _____ Fee pd $ _____
                                                             Receipt # _____

42 UNITED STATES CODE SECTION 1983

INITIAL COMPLAINT

Comes now, Sinclair Robinson filing in pro se hereby Sues defendant(s) DAVID J SMITH (hereinafter referred to by defendant Smith) and MELANIE GADDIS (hereinafter referred to by defendant Gaddis) pursuant to the above stated Authority and as Grounds and In Support thereof states the following:

1) On or about 3/11/2016 Judge Gayles entered an Order In Case Style Robinson V. Ofcal case# 15-60984-CPG Granted In part as to Defendant Lawson.

2) Plaintiff proceeded to file a "Interlocutory Appeal" to the Eleventh Circuit Court of Appeals under Rule 1292, as to the Defendants, and the claims that were dismissed with Prejudice and Plaintiff also proceeded to file an "Amended Complaint" as to Defendant Lawson In this Court.

3) On or about 7/7/2016 defendant Smith received Plaintiff's "Interlocutory Appeal" assigned it to Case #16-13346-B, and Replied to Plaintiff that pursuant to Eleventh Circuit Court Rule 42-1(b) that upon expiration of 14 days the appeal will be dismissed unless Plaintiff pays the DISTRICT COURT Clerk $500 docket and $5 filing fees with Notice to this office or move in the district court for relief from the obligation to pay in advance the total of $505 fee [See 28 U.S.C. Section 1915]. If the district court denies such relief, appellant may file in this Court a motion for such relief.

4) The above said Opinion from defendant Smith directed Plaintiff to the bottom of the document wherein "Reply to: Melanie Gaddis B Phone # (404-335-6187)" was listed as the party as to where replys should be directed, with an Untitled Phone Number

The Instant Federal Lawsuit follows hereafter

At the time of the above said Complaints the above named Defendant(s) were Officers, or Agents or Employees

acting Under color of State and Federal law

Defendant DAVID J. SMITH was employed by the Eleventh Circuit Court of Appeals In 56 Forsyth Street N.W. Atlanta, GA 30303 at the time of the above said Complaint and owed Plaintiff the Constitution mandated Duty to properly file the 'Interlocutory Appeal' and not to Dismiss the Claim without Due Process

Pursuant to Fla. Stat. 95.11 the Instant Civil Rights Complaint is timely filed.

At the time of said Complaints Defendant Melanie Gaddis was listed In the Eleventh Circuit Court of Appeal docket under a Phone Number, without a Title at 56 Forsyth Street N.W. Atlanta, GA 30303. Plaintiff presumes she was a employee, officer, or Agent, acting under color of State and Federal law

Claim #1

Defendant Smith On or about 7/7/2016 erroneously replied to the filing of Plaintiffs Appeal that the Appeal will be dismissed by the Clerk, pursuant to Rule 42-1 (b), unless Plaintiff files a Motion under 28 U.S.C. Section 1915 In the District Court from an Obligation to pay in advance a total of $505 fee. 28 U.S.C. 1915 only charges a fee of $350, and requires a Motion for Informa Pauperis with (6) Six Months Bank Statements for the Court to assess 20%. Defendant Smith violated Plaintiffs Civil Rights inter ulia including denying Plaintiff Right of Access to the Court, Due Process under the 14th Amendment of the United States Constitution, and an 8th Amendment Violation of Cruel and unushual punishment by prohibiting Plaintiff Appellate Review in his case, when the Statue of 28 U.S.C. 1915 (b)(4) States that In No Event shall a prisoner be prohibited from bringing a Civil Action or Appealing a Civil or Criminal Judgement for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee. Also a 6th Amendment Violation

Claim #2

Defendant Smith on or about 9/29/2016 violated Plaintiffs Civil Rights by Dismissing Plaintiffs Appeal and citing 11th Cir. R. 41-4, after instructing Plaintiff the 11th Circuit was receiving Plaintiffs Appeal under Rule 42-1 (b), which would allow him the opportunity to proceed in the District Court under Rule 28 U.S.C. 1915

Sinclair Robinson #L39020 (B-2-105U)
~~Sago Palm Re-Entry Center~~ Martin Correctional Institution
~~500 Bay bottom Rd~~ 1150 S.W. Allapattah Rd.
~~Pahokee, FL 33476~~ Indiantown, FL 34956

USMS
INSPECTED

W PALM BCH
FL 334
07 JAN '19
PM 1

RECEIVED

MAILED FROM
Hasler
01/07/2019
US POSTAGE
10:20 AM
$000.47⁰
FIRST-CLASS MAIL
ZIP 34956
011D11653637

~~Everglades C.I.~~
~~Assistant Warden Peter Heron~~
~~1599 S.W. 187th Ave.~~
~~Miami, FL 33194~~

United States District Court
Southern District of Florida
400 North Miami Ave.
Miami, FL 33128-7716

Appeals

33128-771699

PROVIDED TO
MARTIN CORRECTIONAL INSTITUTION
ON 1/7/2019
FOR MAILING

THIS MAIL ORIGINATED AT
MARTIN CORRECTIONAL INSTITUTION

